**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT COURT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 4:25-CR-00566** |
| | : | |
| **PLAINTIFF** | : | **JUDGE CHRISTOPHER A. BOYKO** |
| **-VS-** | : | |
| | : | |
| **BRENDA DIXSON** | : | |
| | : | **SENTENCING MEMORANDUM** |
| **DEFENDANT** | : | |

Now comes the Defendant, Brenda Dixson ("Ms. Dixson"), by and through undersigned counsel, and hereby submits his Sentencing Memorandum. The Defendant respectfully requests that this Honorable Court impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). The Defendant's position regarding sentencing is fully set forth in the attached memorandum.

Respectfully submitted,

**BETRAS KOPP, LLC.**

/***s/FRANK L. CASSESE***
FRANK L. CASSESE (#0092991)
6630 Seville Drive
Canfield, Ohio 44406
P: (330) 746-8484
F: (330) 702-8280
fcassese@bk-laws.com
***Attorney For Defendant***

## MEMORANDUM IN SUPPORT

### I. Procedural Background

On November 18, 2025, Brenda Dixson was named in Counts One, Two and Three of a 3-count Indictment filed in the United States District Court for the Northern District of Ohio. Count I charged Ms. Dixson with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D), Count II charged Ms. Dixson with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C), and (b)(1)(D). Count III charged Ms. Dixson with Providing or Possessing Contraband in Prison, in violation of 18 U.S.C. § 1791 (b)(3). The offenses conducted that are alleged in the Indictment occurred from on or about August 1, 2025 to approximately October 18, 2025.

On July 23, 2026, Ms. Dixson entered a plea of guilty to all counts in the Indictment pursuant to a written Rule 11(c)(1)(A) and (B) plea agreement. The parties have no agreement about the sentencing range to be used or sentenced to be imposed in this case, other than to stipulate to the below offense level. The final Presentence Investigation Report ("PSR") was prepared on October 3, 2026, and sentencing is currently scheduled before this Court on November 12, 2026 at 10:00 a.m.

### II. Law & Argument

The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), established that the federal Sentencing Guidelines are advisory, not mandatory. The Guidelines remain an important consideration, but they are only one factor the Court must evaluate when imposing a sentence that is sufficient, but not greater than necessary, to accomplish the purposes of sentencing. 18 U.S.C. § 3553(a). District courts retain broad discretion to impose a sentence tailored to the

facts of the case, the nature and circumstances of the offense, and the history and characteristics of the defendant. See *Kimbrough v. United States*, 552 U.S. 85 (2007).

The governing sentencing statute directs the Court to impose the least restrictive sentence that satisfies the statutory purposes of sentencing: just punishment, deterrence, protection of the public, and the defendant's need for education, treatment, and rehabilitation. 18 U.S.C. § 3553(a)(2). Consideration of those factors strongly supports a sentence at the low end of the advisory guideline range, with appropriate treatment and supervision conditions.

### A. 18 U.S.C. § 3553(a)(1): Nature and Circumstances of the Offense and History of the Defendant

Ms. Dixson recognizes the seriousness of the offenses to which she has pleaded guilty. She acknowledges that, while employed as a correctional officer at Northeast Ohio Correction Center (NEOCC), she knowingly allowed prohibited contraband to enter the institution and abused the position of trust placed in her. She understands that her actions violated the law, compromised the safety and security of the correctional facility, and represented a serious lapse in judgment. Ms. Dixson does not attempt to minimize her conduct or shift responsibility to anyone else. On July 23, 2026, she pleaded guilty to conspiracy to distribute and possess with intent to distribute controlled substances, possession with intent to distribute controlled substances, and providing or possessing contraband in prison. She has accepted responsibility for her actions and expressed genuine remorse.

Although the nature of the offenses warrants a meaningful sentence, the Court must also consider Ms. Dixson's individual history and characteristics. The PSR reflects that she has a criminal history score of zero and falls within Criminal History Category I. Although she has two prior adult convictions, both resulted in zero criminal history points under the Sentencing Guidelines. She has no juvenile adjudications, pending charges, or other criminal conduct

identified in the PSR. Her criminal history category reflects that she has not accumulated a significant history of criminal activity.

Ms. Dixson has maintained longstanding employment and demonstrated an ability to support herself and her family. Before her arrest, she was employed as a correctional officer at NEOCC, earning approximately $24 per hour. Prior to that employment, she worked as a caretaker for Moonlight Home Health from 2020 through May 2026, earning approximately $20 per hour. Since June 2026, she has maintained full-time employment as an executive administrator with JoDells Transportation Company, earning $15 per hour. Her continued employment following her arrest demonstrates her commitment to maintaining financial independence and productive involvement in the community.

Ms. Dixson also maintains close relationships with her mother, siblings, and seven children. She was raised in a stable household, described her childhood as positive, and continues to maintain strong family connections. Her family remains an important source of support in her life. She also maintains a residence in Youngstown, Ohio, where she has primarily resided since approximately 2020.

These circumstances do not excuse her conduct, but they provide important context when evaluating the seriousness of the offenses, her personal history, and the sentence necessary to achieve the purposes of sentencing. The Court should consider her lack of a significant criminal history, longstanding employment, family relationships, acceptance of responsibility, and continued efforts to maintain a productive life in the community.

**B. 18 U.S.C. § 3553(a)(2)(A): Seriousness of the Offense and Just Punishment**

Ms. Dixson understands that her conduct was serious, particularly because she abused the authority and responsibility entrusted to her as a correctional officer. Her position provided her

access to security checkpoints, and she used that access to facilitate the introduction of contraband into NEOCC. She acknowledges that her actions were wrong and that she should have refused to participate and reported the conduct.

Importantly, Ms. Dixson has accepted responsibility for her actions. In her written statement to the probation officer, she acknowledged that she knowingly participated in allowing prohibited contraband into the institution, recognized that her conduct violated the duties and trust placed in her, and expressed deep regret. She stated that her actions resulted from a very poor decision and a serious lapse in judgment. She further acknowledged that her conduct could have affected the safety and security of the institution and the individuals housed there.

Ms. Dixson's acceptance of responsibility is also reflected in her guilty plea to all three counts of the Indictment. She has complied with all court-ordered conditions of pretrial release, as confirmed by the U.S. Pretrial Services and Probation Office. There is no indication that she obstructed justice or otherwise impeded the proceedings.

The Court should also consider that Ms. Dixson has already experienced significant consequences as a result of her conduct. She was terminated from her employment as a correctional officer, losing a position in which she earned approximately $24 per hour. Her conviction has also placed her future employment, financial stability, and family relationships at risk.

A prison sentence below the applicable guideline range would appropriately recognize the seriousness of the offenses while accounting for Ms. Dixson's acceptance of responsibility, lack of a significant criminal history, and demonstrated efforts to remain employed and compliant with the Court's requirements. Such a sentence would provide meaningful punishment without imposing a greater term of imprisonment than necessary to satisfy the purposes of sentencing.

**18 U.S.C. § 3553(a)(2)(B) and (C): Adequate Deterrence and Protection of the Public**

Ms. Dixson's personal circumstances and history demonstrate that she has meaningful opportunities for rehabilitation and that continued employment and structured supervision can provide stability moving forward.

The PSR confirms that Ms. Dixson has maintained employment in several positions throughout her adult life. Most recently, she obtained full-time employment as an executive administrator with JoDells Transportation Company following the termination of her employment at NEOCC. Her willingness to continue working and maintain financial independence demonstrates her ability to remain productively engaged in the community despite the consequences of this case.

Ms. Dixson also has an established family support system. She maintains close relationships with her mother and siblings, and she reported having close relationships with all seven of her children. These relationships provide meaningful support and an additional incentive to maintain stability and avoid further involvement in criminal conduct.

The PSR further documents several medical conditions, including high blood pressure, asthma, and borderline diabetes, for which Ms. Dixson has been prescribed medication. She also reported experiencing fear and anxiety following her arrest. During her presentence interview, she disclosed experiencing suicidal ideations within the preceding several months, although she denied any prior suicide attempts or plans to harm herself. She subsequently completed a mental health evaluation through PsyCare on September 29, 2026, and was recommended for individual monthly counseling.

These circumstances warrant consideration when determining an appropriate sentence and the conditions of any subsequent supervision. Continued access to medical care and appropriate

mental health counseling would assist Ms. Dixson in maintaining her health and addressing the emotional difficulties she has experienced since her arrest.

Ms. Dixson has also demonstrated compliance with all court-ordered conditions of pretrial release. Her compliance provides additional support for the conclusion that she can be held accountable through structured supervision and enforceable conditions following any term of imprisonment.

A prison sentence below the applicable guideline range, together with appropriate conditions of supervised release, would provide adequate specific and general deterrence while protecting the public. Conditions addressing continued mental health counseling, compliance with the law, and appropriate supervision would provide accountability while allowing Ms. Dixson to continue working and maintaining her family relationships.

**18 U.S.C. § 3553(a)(7): Restitution and Financial Considerations**

Restitution is not applicable in this case. The PSR identifies no individual victim or restitution obligation arising from the offenses.

The PSR reflects that Ms. Dixson currently earns approximately $2,400 per month through her employment with JoDells Transportation Company. Her reported monthly expenses total approximately $1,555, leaving a monthly cash flow of approximately $845. However, she also has outstanding financial obligations, including a mortgage balance of approximately $104,692, medical bills, and various credit card obligations. Her total reported liabilities are approximately $125,444.

The PSR identifies total assets of approximately $489,890 and a reported net worth of approximately $364,446. Although these figures reflect assets in her name, they must be

considered in conjunction with her existing liabilities, monthly expenses, and current employment income.

Importantly, the probation officer's financial analysis concludes that Ms. Dixson does not appear to have the ability to pay a fine within the applicable Guidelines fine range, although she might have the ability to pay a lesser fine. Accordingly, the Court should consider her present financial circumstances when determining whether to impose a fine and, if so, the appropriate amount. The mandatory special assessment should be imposed as required by law.

## III. Conclusion

Ms. Dixson stands before this Honorable Court having accepted responsibility for her conduct and expressed remorse for the decisions that led to her convictions. She does not seek to minimize the seriousness of her offenses. She respectfully asks the Court to consider:

(1) Her lack of a significant criminal history and Criminal History Category I;

(2) Her compliance with all court-ordered conditions of pretrial release;

(3) Her longstanding employment history and continued full-time employment;

(4) Her close relationships with her mother, siblings, and seven children;

(5) Her documented medical conditions and recent mental health concerns; and

(6) Her acceptance of responsibility and demonstrated remorse.

The PSR reflects that Ms. Dixson has maintained employment throughout much of her adult life and has continued working following the loss of her position as a correctional officer. She has established roots in the Youngstown community and maintains meaningful relationships with her family. Although she made a serious mistake by abusing the position of trust placed in her, she has acknowledged her wrongdoing and expressed a commitment to making better decisions in the future.

The Court should also consider Ms. Dixson's health and emotional circumstances, including her recent mental health evaluation and recommendation for continued individual counseling. Appropriate supervision and access to treatment would provide an opportunity for her to address these concerns while continuing to maintain employment and rebuild her life.

For these reasons, Ms. Dixson respectfully requests that this Court impose a sentence below the applicable guideline range, while considering the mitigating circumstances reflected in the PSR, including her lack of a significant criminal history, acceptance of responsibility, employment history, family support, and medical and mental health circumstances. She further requests that the Court impose appropriate conditions of supervised release that permit her to continue mental health counseling, maintain necessary medical care, and pursue lawful employment.

Such a sentence would hold Ms. Dixson accountable for her conduct while recognizing her individual circumstances and providing a meaningful opportunity for rehabilitation. A sentence below the applicable guideline range would be sufficient, but not greater than necessary, to satisfy the purposes of 18 U.S.C. § 3553(a).

Respectfully submitted,

**BETRAS KOPP, LLC.**

/***s/FRANK L. CASSESE***
FRANK L. CASSESE (#0092991)
6300 Seville Drive
Canfield, Ohio 44406
P: (330) 746-8484
F: (330) 702-8280
fcassese@bk-laws.com
***Attorney For Defendant***

**Certificate for Service**

I hereby certify that a copy of the foregoing was sent via the Court's electronic notification system to the Assistant U.S. Attorney Collen Egan on this 4th day of November 2026.

***/s/FRANK L. CASSESE***
FRANK L. CASSESE (#0092991)